UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BRANDON MONTGOMERY**

      Plaintiff,

v.                                    Case No. 8:24-cv-01062

**SEMINOLE HARD ROCK
DIGITAL, LLC,**

      Defendant.

---

**SEMINOLE TRIBE OF FLORIDA
MOTION FOR LIMITED INTERVENTION
AND MEMORANDUM OF LAW**

The Seminole Tribe of Florida files this motion to intervene for the limited purpose of filing the motion to dismiss filed herewith without intent to waive its sovereign immunity.

**Factual Background**

In 2010, the Seminole Tribe of Florida (the Tribe) and the State of Florida entered into an Indian Gaming Regulatory Act (IGRA) gaming compact.  The 2010 Compact authorized the Tribe to offer various forms of class III casino-style gaming on its Florida reservations.

In 2021, the Tribe and the State of Florida executed a new compact to replace the 2010 Compact.  The 2021 Compact was ratified by the Florida Legislature and enacted as Chapter 2021-268, Florida Statutes.  The ratifying legislation was signed

into law by Governor DeSantis on May 25, 2021, and became effective that day.

The 2021 Compact adds several new forms of gaming exclusively made available to the Tribe, including sports betting. Under the 2021 Compact, the Tribe may conduct sports betting through use of electronic devices connected via the internet. In the 2021 Compact, the Tribe agreed to a limited and conditional waiver of its sovereign immunity with respect to patron disputes.

In a transparent effort to obtain an adjudication of the Tribe's interests in the absence of the Tribe, Plaintiff has filed this class action against a third-party vendor that provides technical services to the Tribe. For the reasons stated below, the Tribe should be allowed to intervene for the purpose of moving to dismiss.

## Argument

**A. Limited Intervention Is Appropriate.**

When a sovereign entity's interests are threatened in a suit in which the sovereign is not named as a party, the ability of the sovereign to intervene for the limited purpose of filing a motion to dismiss is necessary in order for it to protect its immunity. Federal courts have recognized the propriety of such limited intervention. *See, e.g., Vann v. Kempthorne*, 534 F.3d 741, 745 (D.C. Cir. 2008); *Zych v. Wrecked Vessel,* 960 F.2d 665, 667-668 (7th Cir. 1993); *MGM Global Resorts Development, LLC v. U.S. Department of the Interior*, 2020 WL 5545496, p. 1, 6. (D.D.C. 2020); *Lac Du Flambeau,* 327 F. Supp. 995, 1000 (W.D. Wis.

2

2004).

**B.  The Tribe Is a Required Party with the Right to Intervene Under Rule 24(a).**

The right to intervene "implements the basic jurisprudential assumption that the interest of justice is best served when all parties with a real stake in a controversy are afforded an opportunity to be heard." MGM Global, 2020 WL 5545496 at p, 3.  Rule 24(a)(2) of the Federal Rules of Civil Procedure provides:

> On timely motion, the court must permit anyone to intervene who: . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).  A party seeking to intervene under Rule 24(a)(2) must show:

> (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit.

*Loyd v. Alabama Dept. of Corrections,* 176 F.3d 1336, 1339 (1999).

**1.  This motion is timely.**

Timeliness is not an issue in this case. The Complaint was filed on May 2, 2024 (Doc 1). After an order granting an extension, no response is due until July 15, 2024.

3

(Doc 14).

**2 and 3.  The Tribe has a substantial interest relating to the subject matter of this case and disposition of the matter without its participation would impair or impede its ability to protect that interest.**

The Tribe is the real party in interest and has significant interest at stake. The 2021 Compact between the State of Florida and the Tribe authorized the Tribe to conduct sports betting. Plaintiff asserts a class action claiming that a promotional advertisement for the betting is deceptive and demanding compensatory, punitive, and multiple statutory damages. A judgment in Plaintiff's favor would damage the Tribe's business reputation and subject it to substantial damages if it cannot successfully assert its sovereign immunity.

The Tribe has a second significant interest. In the 2021 Compact. The Tribe made a limited and conditional waiver of its sovereign immunity for the resolution of patron disputes:

> All Patron disputes involving gaming will be resolved in accordance with the procedures established in the Seminole Tribal Gaming Code. If the Patron is not satisfied after exhaustion of the procedures established in the Seminole Tribal Gaming Code, the Patron may submit an appeal of the dispute to the SCA.[1] … The decision of the SCA on such disputes shall be binding on the Tribe and Patron.

---

[1] The "SCA" is defined in the 2021 Compact to mean "the state agency designated by the Florida Legislature that has authority carry out the State's oversight responsibilities under the Compact." Compact, Part III.EE; § 285.710(f), Fla. Stat. [Ex. A] That agency is the Florida Gaming Control Commission per Section 16.712(a).

2021 Compact, Part VI.A. [Ex. A] Plaintiff asks this Court to disregard the foregoing limitations on the Tribe's waiver of sovereign immunity and to allow it to assert a claim on behalf of hundreds of patrons involving thousands of bets in a forum and by procedures that are beyond the scope of the Tribes' waiver of immunity.

**4.  Defendant Seminole Hard Rock Digital, LLC (Digital) does not adequately represent the Tribe's interest.**

The burden required for showing inadequate representation for purposes of Rule 24(a) "should be treated as minimal," where the requirement "is satisfied if the applicant shows that representation of his interest '*may be*' inadequate." *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972) (citing 3B J. Moore, Federal Practice 24.09-1 (4) (1969)) (emphasis added); *see also Fund for Animals, Inc. v. Norton*, 322 F.3d at 735–36; *100Reporters LLC* , 307 F.R.D. at 279 (citation omitted); *Cayuga Nation v. Zinke*, 324 F.R.D. 277, 283 (D.D.C. 2018).  This requirement is "not onerous." *Fund for Animals, Inc.*, 322 F.3d at 735 (quoting *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986)).  An intervenor "ordinarily should be allowed to intervene unless it is clear that the party will provide adequate representation for the absentee." *Id.* (quoting *United States v. Am. Tel. & Tel. Co.*, 642 F.2d 1285, 1293 (D.C. Cir. 1980)); *see also Crossroads Grassroots Policy Strategies*, 788 F.3d 312, 321 (D.C. Cir. 2015).  Mere "general

alignment" of interests is not sufficient to establish adequacy of representation. *Crossroads Grassroots Policy Strategies*, 788 F.3d at 321.

Digital is a vendor of technical services for which the Tribe pays a fee. Digital has no legal interest in the 2021 Compact or the Tribe's sports betting business. It also has no interest in the conditional waiver of sovereign immunity codified in the 2021 Compact, Part VI.A, *supra*. Digital cannot be expected to argue for adherence to the conditions on the waiver contained in the provision.

## Conclusion

For the foregoing reasons, the Tribe respectfully requests the Court grant its Motion for Limited Intervention.

| | |
|---|---|
| */s/ Joseph H. Webster* | */S / Barry Richard* |
| Joseph H. Webster | Barry Richard |
| (D.C. Bar No. 448458) | (Fla. Bar No. 105599) |
| | |
| Hobbs Straus Dean & Walker, LLP | Barry Richard Law Firm |
| 1899 L Street NW, Suite 1200 | 101 East College Avenue |
| Washington, DC 20036 | Tallahassee, FL 32301 |
| Telephone: (202) 822-8282 | Telephone: (850) 274-1814 |
| jwebster@hobbsstraus.com | barryrichard@barryrichard.com |

*Attorneys for Intervenor,*
*Seminole Tribe of Florida*

## Local Rule 3.01(g) Certification

The undersigned hereby certifies that they attempted to contact the opposing counsel for rule conference pursuant to L.R. 3.01(g).

/s/ Barry Richard
Barry Richard
Joseph H. Webster
*Attorneys for Intervenor,*
*Seminole Tribe of Florida*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 15, 2024, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

/s/ Barry Richard
Barry Richard
Joseph H. Webster
*Attorneys for Intervenor,*
*Seminole Tribe of Florida*