UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANDON MONTGOMERY

      Plaintiff,

v.                                  Case No. 8:24-cv-01062

SEMINOLE HARD ROCK
DIGITAL, LLC,

      Defendant.

_____

**SEMINOLE TRIBE OF FLORIDA
MOTION TO DISMISS
AND MEMORANDUM OF LAW**

The Seminole Tribe of Florida (the Tribe) moves to dismiss the Complaint pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure on the grounds that the Tribe is a required party under Rule 19 and cannot be joined due to sovereign immunity.

**Memorandum of Law**

**A. The Tribe Has Sovereign Immunity**

The Seminole Tribe of Florida is a federally recognized American Indian Tribe. The U.S. Supreme Court has recognized that, as such, it possesses sovereign immunity:

> Indian tribes . . . exercise "inherent sovereign authority." . . . Among the core aspects of sovereignty that tribes possess . . . is the "common-law

immunity from suit traditionally enjoyed by sovereign powers." . . . Thus, we have time and again treated the "doctrine of tribal immunity [as] settled law" and dismissed any suit against a tribe absent congressional authorization (or a waiver).

*Michigan v. Bay Mills Indian Cmty.*, 572 U.S. 782, 788–89 (2014) (internal citations omitted); *see also Sanderlin v. Seminole Tribe of Fla.*, 243 F.3d 1282, 1284 (11th Cir. 2001) (recognizing the Tribe's sovereign immunity).

Tribal immunity applies to all tribal activities, including commercial endeavors, whether conducted on or off tribal lands. *Kiowa Tribe of Okla. v. Mfg. Techs., Inc.*, 523 U.S 751, 754, 760 (1998). A tribe's immunity may be waived by Congress or the tribe itself, but a waiver "cannot be implied but must be unequivocally expressed." *Santa Clara Pueblo v. Martinez*, *436* U.S. 49, 58 (1978) (citations omitted).

## B. The Tribe Is a Required Party Pursuant to Rule 19.[1]

Rule 19(a) provides, in pertinent part, that a party "who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined" if the party "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the

---

[1] Over time, Rule 19 has variously referred to both "indispensable" and "necessary" parties. The rule has been revised to currently refer to just "required" parties but the change was stylistic only and the substance and operation of the rule is unchanged. *See Republic of Philippines v. Pimentel*, 553 U.S. 851, 855 (2008).

interest." Fed. R. Civ. P. 19(a)(1).

The Tribe has two significant interests that disposition in its absence would impair or impede its ability to protect. First, it has a significant interest in defending its reputation for business integrity against a claim that game promotions for the Tribe's sports betting were deceptive. This is particularly important, as a primary purpose of the Indian Gaming Regulatory Act (IGRA) is to "to provide a statutory basis for the operation of gaming by Indian tribes as a means of promoting tribal economic development, self-sufficiency, and strong tribal governments." 25 U.S.C. § 2702(2).

Second, the Tribe has a significant interest in the Court's interpretation and application of Part VI.A of the 2021 Compact between the Tribe and the State of Florida (2021 Compact). In that provision, the Tribe agreed to a limited, conditional waiver of sovereign immunity for resolution of patron disputes such as the one alleged by Plaintiff. *See* Ex. A (2021 Compact, Part VI.A). The provision requires such disputes to be resolved in accordance with the Seminole Tribal Gaming Code and to ultimately be determined by the Florida Gaming Control Commission. Plaintiff asks this Court to disregard that limitation based on some unexplained theory and to entertain a class action that seeks a substantial monetary judgment and a trial by jury. But, given the Tribe's significant interest in the Court's interpretation and application of Part VI.A of the 2021 Compact (among

3

other things), the Tribe is a required party and Rule 19, thus, does not permit Plaintiff to carry on with his claim without the Tribe's joinder. *See PPI, Inc. v. Kempthorne*, No. 08-cv-248-SPM, 2008 WL 2705431, at *3 (N.D. Fla. July 8, 2008) ("The Seminole Tribe is a necessary party to this action [under Rule 19(a) of the Federal Rules of Civil Procedure] because it has an interest in [a prior version of its] compact and it is conducting gaming activities that [the opposing party] seeks to invalidate.").

## C. The Case Should Be Dismissed

Rule 19(b) provides that when a required party cannot be joined, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). The rule sets forth a series of factors for courts to consider in such circumstances, as discussed below. *See* Fed. R. Civ. P. 19(b)(1)–(4). However, the Supreme Court has held that a party's sovereign immunity is an overriding consideration that is generally determinative.[2]

---

[2] In *Pimentel*, the Supreme Court technically weighed the Republic of Philippines's assertion of sovereign immunity under each of the factors provided under Rule 19(b) of the Federal Rules of Civil Procedure; however, the Republic of Philippines's claim to sovereign immunity—including the Republic of Philippines's absence due to its sovereign immunity—dominated the Supreme Court's analysis in that case so much so that its assertion of sovereign immunity proved outcome-determinative under the facts of that case. *See* 553 U.S. at 867 ("[W]here sovereign immunity is asserted, and the claims of the sovereign are not frivolous, dismissal of the action must be ordered where there is a potential for injury to the interests of the absent sovereign."). The Tribe's assertion of sovereign immunity is also outcome-determinative in the instant case.

4

In *Pimentel*, the Supreme Court held that sovereign immunity protects the sovereign entity not only from being sued, *but from having its non-frivolous interests adjudicated in its absence*. 553 U.S. at 868. The case was an interpleader action by Merrill Lynch, in which a class of 9,539 human rights victims of former Republic of Philippines President, Ferdinand Marcos, ("the Pimentel class") claimed the right to assets of a company incorporated by Marcos and held by Merrill Lynch. *Id.* at 857–59. The Republic of Philippines also claimed a right to those assets. *Id.* at 858–59. The Pimentel class had a substantial interest in the outcome; they were seeking assets to satisfy a $2 billion judgment by attaching the assets held by Merrill Lynch. *Id.* at 857–58. In addition, the Pimentel class had no alternative forum. *Id.* at 869–70. The trial court dismissed the sovereign parties but allowed the case to proceed over the sovereign party's objections. *Id.* at 855.

The Supreme Court reversed. *Id.* In considering the application of Rule 19(b), the Court held that sovereign immunity was decisive:

> The Court of Appeals erred in not giving the necessary weight to the absent entities' assertion of sovereign immunity. The court in effect decided the merits of the Republic['s] . . . claims to the . . . assets. Once it was recognized that those claims were not frivolous, it was error for the Court of Appeals to address them on their merits when the required entities had been granted sovereign immunity. The court's consideration of the merits was itself an infringement on foreign sovereign immunity; and, in any case, its analysis was flawed.[3]

---

[3] In *Pimentel*, immunity was raised under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1604, but the Court's reasoning also applies to the sovereign immunity of U.S. entities, including domestic sovereigns such as states and Indian tribes, and has been so interpreted. *See,*

5

*Id.* at 864. The Court addressed the Rule 19(b) requirement that a court consider the respective claims and interests of both the joined and absent parties, but concluded that sovereign immunity outweighed all other Rule 19 factors:

> Here, . . . it was improper to issue a definitive holding regarding a nonfrivolous, substantive claim made by an absent, required entity that was entitled by its sovereign status to immunity from suit. That privilege is much diminished if an important and consequential ruling affecting the sovereign's substantial interest is determined, or at least assumed, by a federal court in the sovereign's absence and over its objection. . . . The error is not that the District Court and Court of Appeals gave too much weight to the interests of the Pimentel class, but that it did not accord proper weight to the compelling claim of sovereign immunity.

*Id.* at 868–69.

Given the Court's analysis in *Pimentel*, the Rule 19(b) weighing test has little or no application in the presence of sovereign immunity. *See, e.g.*, *Deschutes River All. v. Portland Gen. Electric Co.*, 1 F4th 1153, 1163 (9th Cir. 2021); *Jamul Action Comm. v. Simermeyer*, 974 F.3d 984, 988–89 (9th Cir. 2020) ("The balancing of equitable factors under Rule 19(b) almost always favors dismissal when a tribe cannot be joined due to tribal sovereign immunity."); *Kescoli v. Babbitt*, 101 F.3d 1304, 1311 (9th Cir. 1996) ("If the necessary party is immune

---

*e.g.*, *Fla. Wildlife Fed'n v. U.S. Army Corps of Eng'rs*, 859 F.3d 1306, 1318 n.9 (11th Cir. 2017) ("[T]he [*Pimentel*] Court's reasoning regarding the application of Rule 19(b) appears just as applicable to the context of domestic federal-state relationships insofar as immunity from private suit is concerned."); *Klamath Tribe Claims Comm. v. United States*, 106 Fed. Ct. 87, 96 (Ct. Cl. 2012) ("As subsequent cases confirm, [the *Pimentel* Court's] rationale applies to domestic sovereigns, i.e., States and Indian nations, as much as it does foreign sovereigns, e.g., the Philippines." (citations omitted)).

from suit, there may be 'very little need for balancing Rule 19(b) factors because immunity itself may be viewed as the compelling factor.'" (citation omitted)).

In any event, the Rule 19(b) factors weigh in favor of the Tribe in this case. The Rule 19(b) factors are: (1) the extent to which a judgment rendered in the party's absence might prejudice the absent party or the existing parties; (2) the extent to which the court could lessen or avoid any prejudice; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. Fed. R. Civ. P. 19(b).

(1) Relative prejudice. A judgment rendered adverse to the Tribe in its absence would clearly be prejudicial to the Tribe since it would significantly erode its sovereign immunity. *See PPI*, 2008 WL 2705431, at *4 (holding "the Seminole Tribe's interests 'in its sovereign right not to have its legal duties judicially determined without consent'" (*i.e.*, its interests in its sovereign immunity) cannot be adequately protected in its absence (quoting *Enter. Mgmt. Consultants, Inc. v. United States ex rel. Hodel*, 883 F.2d 890, 894 (10th Cir. 1989)). The Supreme Court's decision in *Pimentel* indicates that any prejudice to Plaintiff would be a nonfactor compared to the Tribe's sovereign immunity. The Pimentel class stood to lose $2 billion if the case were dismissed. Nonetheless, the Court stated that any prejudice to them was "outweighed by prejudice to the absent entities invoking

7

sovereign immunity." 553 U.S. at 872; *see also id.* at 857–58, 869. In contrast, the amount at stake for Plaintiff and the individual class members he seeks to represent in the case at bar is de minimis.

(2) Possible judicial mitigation. Because the issue is the Tribe's right not to be sued or have its interests adjudicated in its absence, there is no way the Court can lessen or avoid prejudice to the Tribe if the case is not dismissed.

(3) Adequacy of a judgment rendered in the Tribe's absence. In *Pimentel*, the Supreme Court explained the meaning of the adequacy factor:

> As to the third rule 19(b) factor—whether a judgment rendered without the absent party would be adequate—the Court of Appeals understood "adequacy" to refer to satisfaction of the Pimentel class' claims. But adequacy refers to the "public stake in settling disputes by wholes, whenever possible." . . . Going forward with the action without [the sovereign parties] would not further the public interest in settling the dispute as a whole because [the sovereign parties] would not be bound by the judgment in an action where they were not parties.

*Id.* at 870–71 (internal citations omitted). The same is true in the case at bar.

(4) Adequate remedy for Plaintiff. In *Pimentel*, the Supreme Court stated: "Dismissal under Rule 19(b) will mean, in some instances, that plaintiffs will be left without a forum for definitive resolution of their claims. But that result is contemplated under the doctrine of . . . sovereign immunity." *Id.* at 872. Plaintiff, on the other hand, does have an alternative remedy, in fact, the only remedy permitted to him—the procedure set forth in Part VI.A of the 2021 Compact.

## Conclusion

The Complaint should be dismissed on either of two grounds:

1. The Tribe's sovereign immunity prohibits the Tribe from being sued and its nonfrivolous interests from being adjudicated in its absence.

2. The Tribe is a required party that Rule 19 requires be joined in order for the case to continue, and Tribe cannot be joined because of sovereign immunity.

For the foregoing reasons, the Tribe respectfully requests the Court to grant its Motion to Dismiss.

## Local Rule 3.01(g) Certification

The undersigned hereby certifies that they attempted to contact the opposing counsel for rule conference pursuant to L.R. 3.01(g).

*[Intentionally left blank]*

Dated: July 15, 2024                                    Respectfully Submitted,

*/s/ Joseph Webster*
Joseph H. Webster (D.C. Bar No. 448458)
HOBBS STRAUS DEAN & WALKER, LLP
1899 L Street NW, Suite 1200
Washington, DC 20036
Telephone: (202) 822-8282
jwebster@hobbsstraus.com

*/s/ Barry Richard*
Barry Richard (Fla. Bar No. 105599)
BARRY RICHARD LAW FIRM
101 East College Avenue Tallahassee, FL 32301
Telephone: (850) 274-1814
barryrichard@barryrichard.com

*Attorneys for Intervenor,
Seminole Tribe of Florida*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 15, 2024, I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all parties at the email addresses on file with the Clerk of Court.

/s/ Barry Richard
Barry Richard
*Attorney for Intervenor,*
*Seminole Tribe of Florida*